UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.   Case Nos.   3:05cr5/RV/CJK
                              3:14cv298/RV/CJK

ROBBIE DELMAR WHEELER
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law (doc. 101). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.[1]

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2). If summary dismissal were not warranted in this case, Defendant would be required to file an amended motion on the court form as required by this rule before his motion would be considered on the merits.

## BACKGROUND and ANALYSIS

Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base (doc. 33).  In June of 2006, the court sentenced him to a term of 354 months imprisonment, followed by five years of supervised release, and imposed a fine of $1,000.00 (doc. 49).  Defendant did not appeal, and he filed nothing further until filing a motion to compel the Government to file a substantial assistance motion in March of 2014 (doc. 88).  The court denied the motion after response from the Government (docs. 92, 93).  In May of 2014, the court denied Defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on retroactive amendments to the Sentencing Guidelines (docs. 98, 99), and Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[2] on June 19, 2014 (doc. 101 at 19).  Defendant claims that he is entitled to sentencing relief under the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor" that must be submitted to a jury.  133 S.Ct. at 2155.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

Case Nos.: 3:05cr5/RV/CJK; 3:14cv298/RV/CJK

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The clerk entered judgment in Defendant's case on June 29, 2006. Because Defendant did not appeal, his judgment of conviction became final when the time or doing so expired, or on July 13, 2006. Defendant's motion was filed well over one year from that date and thus is facially untimely. Defendant claims that his motion is timely filed pursuant to 28 U.S.C. § 2255(f)(3) under the Supreme Court's *Alleyne* decision.

Even if *Alleyne* were applicable to the facts of Defendant's case, it is not retroactively applicable on collateral review. *See United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *see also United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *In re Mazzio*, Case No. 13-2350, 2014 WL 2853722 (6th Cir. June 24, 2014); *United States v. Miller*, 542 F. App'x 526, 528 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1029–1030 (10th Cir. 2013). Therefore, Defendant's reliance on *Alleyne* does not allow him to proceed under 2255(f)(3).

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003)

(citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)). Nothing in the instant motion suggests that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling. Therefore, his motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 101) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1st day of July 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).